Filed 2/16/21  P. v. Woldberg CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C089523 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F436) |
| v. | |
| COREY WILLIAM WOLDBERG, | |
| Defendant and Appellant. | |

In a global settlement agreement, defendant Corey William Woldberg pleaded no contest to, among other things, two failure to appear charges, admitted a strike prior, and admitted two prior prison term enhancements in exchange for a stipulated term of six years in state prison and dismissal of the remaining charges and allegations and several other pending matters.  As part of the agreement, defendant waived his right to appeal the stipulated sentence.

1

Defendant's appointed counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) After examining the record, we requested supplemental briefing from the parties on the effect on defendant's case of two newly enacted pieces of legislation: Assembly Bill No. 1618 (Assembly Bill 1618), which created Penal Code section 1016.8 (statutory section references that follow are to the Penal Code) regarding the viability of a waiver clause in a plea agreement with respect to future changes in the law, and Senate Bill No. 136 (Senate Bill 136), which amended section 667.5, subdivision (b) to limit the underlying offenses that qualify for a prior prison term enhancement.

After considering the parties' supplemental briefs, we conclude defendant is not prohibited from seeking on appeal the retroactive application of a beneficial change in the law under Senate Bill 136, and that he no longer qualifies for the two prior prison term enhancements. We shall therefore reverse the judgment and remand this matter to the trial court with directions to strike the enhancements. In accordance with the California Supreme Court's recent decision in *People v. Stamps* (2020) 9 Cal.5th 685, 705-709 (*Stamps*), the People and the court shall have the opportunity to withdraw their prior approval of the plea agreement.

FACTS AND PROCEDURAL HISTORY

On August 21, 2017, defendant was present in court and ordered to appear for a settlement conference on September 25, 2017, in Shasta County case No. 17F3903. Defendant failed to appear as ordered and a bench warrant was issued for his arrest.

On July 2, 2018, defendant was present in court on case No. 17F3903, and was ordered to appear on July 11. Defendant again failed to appear, and a warrant was issued for his arrest. Later, defendant was released and promised to appear in court on November 2, 2018. He did not appear.

2

In January 2019, defendant was charged in Shasta County case No. 19F436 with three counts of failure to appear on a felony charge (§ 1320, subd. (b)). For all three counts, it was alleged that in 2001 defendant suffered a prior strike conviction within the meaning of section 1170.12 for arson of the property of another (§ 451, subd. (d)). It was also alleged as to all three counts that defendant was released on bail or his own recognizance in two other cases (Shasta County case Nos. 17F3903 and 18F3997) at the time of the charged offenses (§ 12022.1). Following a preliminary hearing, defendant was held to answer on the charges.

In March 2019, defendant made a *Marsden* motion to relieve his appointed counsel. Following an in-camera hearing, the court granted the *Marsden* motion and appointed the same conflict counsel to represent defendant in all three of his pending cases. A week later, defendant moved to discharge his newly appointed counsel. After an in-camera hearing, the court denied the motion. The following day, defendant made another *Marsden* motion to relieve his appointed counsel. After further conversing with his attorney, however, defendant withdrew the *Marsden* motion.

On March 15, 2019, defendant entered into a global plea agreement resolving all of his pending matters. Under the terms of the agreement, in case No. 19F436, defendant pleaded no contest to two counts of failing to appear (§ 1320, subd. (b), counts one and two), admitted a strike prior for a previous 2001 felony arson conviction (§ 451, subd. (d)), and admitted added allegations of having served two prior prison terms for convictions of Health & Safety Code section 11378. In case No. 17F3903, defendant pleaded no contest to an added count of violating Vehicle Code section 23103.5. In case Nos. 18M2271 and 17M3133, defendant pleaded no contest to two counts of resisting, obstructing, or delaying a peace officer (§ 148.1, subd. (a)(1)). He also admitted that his no contest plea in case No. 17F3903 constituted an admission to a violation of a probation petition filed in case No. 16F1607. The parties stipulated to a term of six years in state prison with all other remaining counts, allegations, and pending cases dismissed

3

with a *Harvey* waiver. Paragraph 43 of the agreement stated: "I hereby waive and give up my right to appeal from the stipulated sentence I will receive in this case."

In accordance with the parties' plea agreement, the court sentenced defendant to the stipulated six-year state prison term, calculated as follows: in case No. 19F436, the low term of 16 months for count one (failure to appear), doubled to 32 months for the strike prior, plus a consecutive 16 months (one-third the midterm, doubled) for count two (failure to appear), plus one year for each of defendant's two prior prison term enhancements (§ 667.5, subd. (b)). In each of the three misdemeanor cases (case Nos. 17F3903, 18M2271, and 17M3133), the court imposed a sentence of credit for time served.

The court awarded defendant 75 actual days and 74 conduct days for 149 days of credit. Defendant disagreed with the credit computation, claiming he was entitled to credit on case No. 19F436 for days in custody on his other misdemeanor cases that had been dismissed with a *Harvey* waiver. On March 27, 2019, defendant moved to withdraw his plea on grounds that the misdemeanor custody credits to which he was entitled in the unrelated and dismissed cases should have been applied to his felony sentence. A week later, defendant withdrew his request to withdraw his plea.

Defendant timely appealed. The trial court granted his request for a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

4

Defendant filed a supplemental brief contending his counsel was ineffective because he misled him on the consequences of his plea. According to defendant, his trial counsel misadvised him that he would be eligible to participate in an outside drug treatment program in the alternative custody program shortly after arriving in prison notwithstanding his prior arson conviction. He claims he would not have pleaded no contest had he understood the true consequences of his plea. He also argues his 2001 arson conviction should not have qualified as a strike for purposes of the present case because he never signed anything agreeing that it would be a strike when he pleaded to the offense.

In order to establish a claim of ineffective assistance of counsel, the defendant has the burden of demonstrating that counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms and he or she was prejudiced by that deficiency. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." [Citations.]' " (*Ibid*.) "A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267; see *People v. Jones* (2003) 29 Cal.4th 1229, 1254 [ineffective assistance claims properly resolved on direct appeal only where record affirmatively discloses no rational tactical purpose for counsel's act or omission].)

We conclude defendant has failed to carry his burden to establish that trial counsel provided inadequate representation during the plea proceedings. The record is silent as to

what trial counsel told defendant about the consequences of his plea, and specifically about his eligibility for an alternative custody program upon arrival at prison. Here, beyond defendant's self-serving statements in his supplemental brief, nothing in the record supports his factual representations regarding what his counsel advised him about the consequences of the plea. We will not consider facts provided for the first time on appeal. (See *People v. Pena* (1972) 25 Cal.App.3d 414, 421-422, disapproved on other grounds by *People v. Duran* (1976) 16 Cal.3d 282, 292.) Defendant's ineffective assistance of counsel claim thus fails on direct appeal and is more properly raised in a habeas corpus petition.

We also reject defendant's argument that his prior arson conviction should not have qualified as a strike for the purposes of the present case. Again, nothing in the record supports defendant's contentions that he was never made aware that his arson conviction could be alleged as a strike in a subsequent criminal prosecution, and no evidence shows what his counsel at the time informed him about the nature of his plea agreement in 2001, which is not included in the record on appeal. (*People v. Pena, supra*, 25 Cal.App.3d at pp. 422-423 [recognizing elementary principle that in reviewing a trial court judgment on direct appeal, an appellate court is limited to matters contained in the record of the trial proceedings].)

Nor can defendant prevail on a claim that he can only be punished presently for a prior conviction under the three strikes law if he knew of that consequence at the time of his earlier plea. By analogy, a defendant whose prior conviction strike preceded the effective date of the three strikes law was nonetheless properly subjected to the use of that strike against him in a subsequent criminal proceeding. (See, e.g., *People v. James* (2001) 91 Cal.App.4th 1147; *Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302.)

Under the California Constitution, moreover, "[a]ny prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any

6

criminal proceeding." (Cal. Const., art. I, § 28, subd. (f)(4).) That provision was originally passed by the electorate in 1982, well before defendant pleaded to the arson offense in 2001. (Prop. 8, June 8, 1982.)

Having rejected the arguments defendant raised in his supplemental brief, we turn to the questions we asked the parties to address in supplemental briefing, namely, the affect, if any, of Assembly Bill 1618 and Senate Bill 136 on the sentence imposed here.

A. *Assembly Bill 1618*

Assembly Bill 1618 added section 1016.8 (Stats. 2019, ch. 586, § 1), which codifies the holding in *Doe v. Harris* (2013) 57 Cal.4th 64 (*Doe*) that entering into a plea agreement does not effectively insulate parties from changes in the law the Legislature has intended to apply to them. (*Stamps, supra,* 9 Cal.5th at p. 705.) The statute provides in relevant part: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) The statute further provides: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (§ 1016.8, subd. (b).)

The parties agree that Assembly Bill 1618 applies retroactively to defendant's case. We concur. Although ordinarily new statutes are presumed to operate prospectively (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 287), " 'in the absence of a savings clause providing only prospective relief or other clear intention concerning any retroactive effect, "a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not." ' " (*Stamps, supra*, 9 Cal.5th at p. 699; *In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Nasalga* (1996) 12 Cal.4th

7

784, 790, fn. 5 [for purposes of determining retroactive application of an amended criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed].)  While section 1016.8 does not reduce the punishment for any particular crime, the California Supreme Court has "applied the *Estrada* rule to statutes that merely made a reduced punishment *possible*." (*People v. Frahs* (2020) 9 Cal.5th 618, 629; *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299.)  Here, voiding a waiver provision in a plea agreement to allow a defendant to challenge an enhancement that no longer applies given a recent change in the law would potentially lessen the punishment for a class of persons.  The *Estrada* rule thus applies.

Given the statutory language of Assembly Bill 1618, and in light of section 1016.8's express public policy prohibition against a provision of a plea bargain requiring a defendant to generally waive future benefits of legislative enactments or case law, we conclude that Paragraph 43 of defendant's plea agreement waiving his "right to appeal from the stipulated sentence [he would] receive in this case" is void and unenforceable as to future beneficial changes in the law.  Defendant may therefore challenge the two prior prison term enhancements based on a subsequent beneficial change in the law.

B.  *Senate Bill 136*

When defendant was sentenced in March 2019, the version of section 667.5, subdivision (b) in effect required a one-year enhancement for each prior prison term served for "any felony," with an exception not applicable here.  (Stats. 2018, ch. 423, § 65, eff. Jan. 1, 2019.)  While defendant's appeal was pending, the Legislature passed Senate Bill 136, which amended section 667.5, subdivision (b) to limit a prior prison term enhancement to people who have served a sentence for certain sexually violent offenses. (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.)  The amended provision states:  "Except where subdivision (a) applies, where the new offense is any felony for which a prison

8

sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended." (§ 667.5, subd. (b).)

The parties agree, as do we, that Senate Bill 136 applies retroactively to cases not yet final on appeal because it ameliorates punishment for serving a prior prison term. (Accord, *People v. Matthews* (2020) 47 Cal.App.5th 857, 864-865 [Senate Bill 136 applies retroactively because it lessens punishment for a person who no longer qualifies for the enhancement]; *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342 [Senate Bill 136 applies retroactively to cases not yet final on appeal]; *People v. Jennings* (2019) 42 Cal.App.5th 664, 680-682 [same]; *In re Estrada, supra*, 63 Cal.2d at pp. 745-748.) We also agree with the parties that defendant no longer qualifies for the two 1-year prior prison term enhancements because he admitted he served prior prison terms for two violations of Health and Safety Code section 11378, which are not sexually violent offenses.

The parties diverge, however, on the appropriate remedy. Defendant contends the prior prison term enhancements should be stricken and the remainder of the plea agreement left intact. People, on the other hand, argue that the enhancements should be stricken but that the matter should be remanded to the trial court so that it may conduct a full resentencing and reconfigure defendant's sentence to accomplish the stipulated six-year prison term agreed to under the plea agreement. Based on our Supreme Court's

recent decision in *Stamps*, we conclude the enhancements must be stricken upon remand, but that the prosecution should be given the opportunity to withdraw from the plea agreement if it chooses.

In *Stamps*, the defendant pleaded no contest to one count of first degree burglary and stipulated to a nine-year sentence consisting of two years for the burglary, doubled under the Three Strikes law (§ 1170.12, subd. (c)(1)), plus five years for a prior serious felony enhancement (§ 667, subd. (a)(1)). (*Stamps, supra*, 9 Cal.5th at p. 693.) In exchange for the plea, two other counts of first degree burglary and a second prior serious felony enhancement allegation were dismissed. (*Ibid*.)

At the time of sentencing, the trial court did not have discretion to strike the serious felony enhancement imposed under section 667, subdivision (a)(1). (*Stamps, supra*, 9 Cal.5th at p. 693.) However, while defendant's appeal was pending, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) took effect, giving trial courts the discretion to dismiss such enhancements. (*Stamps*, at p. 693.) On appeal, the defendant argued that Senate Bill 1393 applied retroactively to his case and required a remand so the trial court could decide whether to strike the serious felony enhancement, while otherwise preserving the plea agreement. (*Stamps*, at p. 693.)

After concluding that the defendant was not required to obtain a certificate of probable cause, and that Senate Bill 1393 applied retroactively to his case on appeal, the Supreme Court turned to the question of remedy. (*Stamps, supra*, 9 Cal.5th at pp. 700-709.) The court rejected the defendant's argument that the proper remedy was to remand the matter to the trial court to consider striking the serious felony enhancement, while otherwise maintaining the balance of the negotiated plea agreement. (*Id*. at p. 700.) Noting that the parties entered into a plea agreement for a specific prison term, the court held that under long-standing law (see, e.g., § 1192.5), once a court has accepted the terms of a plea agreement, it cannot modify the terms of that bargain without the agreement of the parties. (*Stamps*, at pp. 700-701.) While recognizing that the

10

Legislature *could* authorize courts to modify or invalidate the terms of a plea agreement without affording the People an option to rescind the agreement, the court found nothing to demonstrate the Legislature intended Senate Bill 1393 to have that effect. (*Stamps*, at pp. 702-704.)

In reaching its conclusion, the court distinguished *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), which held that the People are not entitled to withdraw from a plea agreement when a defendant petitions to have a felony conviction recalled and resentenced as a misdemeanor under Proposition 47 (enacted by the electorate Nov. 4, 2014). (*Stamps, supra*, 9 Cal.5th at pp. 702-704; see *Harris,* at p. 993.) In *Harris*, it was undisputed that the defendant was entitled to have his conviction reduced and resentenced as a misdemeanor under Proposition 47. (*Harris*, at p. 989.) The question before the court was whether the People should be permitted to withdraw from the plea on the basis that the resentencing would deprive them of the benefit of their bargain. (*Id*. at pp. 988-989.) The court held that the answer to this question depended on the "intent behind Proposition 47." (*Harris,* at p. 991.) Based on "unambiguous language" that Proposition 47 applies to defendants convicted by plea, and the expressed intent of Proposition 47 to reduce the number of nonviolent offenders in state prisons, the court concluded that the Legislature intended to modify or invalidate the terms of plea agreements without affording the People the option to withdraw from the agreement. (*Harris*, at pp. 992-993.)

Unlike the legislation in *Harris*, the court noted that Senate Bill 1393 was "silent regarding pleas." (*Stamps, supra*, 9 Cal.5th at p. 704.) Further, the court held, allowing a defendant to strike an enhancement under Senate Bill 1393 while otherwise retaining the benefits of the bargain would frustrate the legislative intent to have the law apply uniformly, by creating "special rules" for plea cases. (*Stamps*, at p. 704.) Thus, the court held that Senate Bill 1393 was not intended "to change well-settled law that a court lacks

11

discretion to modify a plea agreement unless the parties agree to the modification." (*Stamps*, at p. 702.)

Rejecting the defendant's argument that he should be permitted to " ' "whittle down the sentence 'but otherwise leave the plea bargain intact' " ' " (*Stamps, supra*, 9 Cal.5th at p. 706), the court concluded in *Stamps* that the proper remedy is to give defendant the choice whether to seek relief under Senate Bill 1393, knowing that if the trial court exercises its discretion to strike the enhancement, the People (and the court) will be entitled to withdraw their prior approval of the plea agreement. (*Stamps*, at pp. 706-709.)

In this case, the changes made by Senate Bill 136 limiting the prior offenses that qualify for a prior prison term enhancement are similar to the changes made by Senate Bill 1393 allowing courts to dismiss a serious felony enhancement in furtherance of justice. Although Senate Bill 136 is mandatory, and the trial court's authority under Senate Bill 1393 is discretionary, both *Stamps* and *Harris* make clear that the key inquiry is not whether legislation is mandatory or discretionary, but whether the Legislature intended the legislation to overturn existing law that a court cannot modify an agreed-upon term without the parties' agreement. (*Stamps, supra*, 9 Cal.5th at pp. 701-705; *Harris, supra*, 1 Cal.5th at pp. 991-992.) We conclude that Senate Bill 136 reflects no such intent, as it is "silent regarding pleas and provides no express mechanism for relief undercut[ting] any suggestion that the Legislature intended to create special rules for plea cases." (*Stamps,* at p. 704.) Our interpretation does not nullify the legislative purpose behind the ameliorative provisions of the legislation because the legislation was never intended to overturn the "well-settled law" that a court lacks discretion to modify a plea agreement without the parties' consent. (*Stamps,* at p. 702.)

The two 1-year prior prison term enhancements were a material part of defendant's plea bargain, under which the People dismissed the remaining charges and allegations and several other pending matters. As a result of the retroactive change in the

law, the prior prison term enhancements are no longer authorized and must be stricken. Thus, we remand this matter to the trial court with directions to strike the enhancements, allowing the People (and the court) the opportunity to withdraw their approval of the plea.

DISPOSITION

The judgment is reversed and remanded to the superior court with directions to strike the two 1-year prior prison term enhancements under section 667.5, subdivision (b), and to allow the People and court the opportunity to withdraw their prior approval of the plea agreement. Once the new judgment is entered, the trial court is directed to prepare a new abstract of judgment, reflecting the new judgment, and forward a copy to the Department of Corrections and Rehabilitation.

_____

HULL, J.

I concur:

_____

HOCH, J.

13

BLEASE, J., Concurring and Dissenting.

I agree with the majority that the claims in defendant's supplemental brief are without merit, and that Assembly Bill No. 1618 (2019-2020 Reg. Sess.) (Assembly Bill 1618) and Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) both apply retroactively to this case. I do not agree that striking the prior prison term enhancements pursuant to Senate Bill 136 gives the People the option of withdrawing from the plea.

A plea agreement generally does not insulate the parties from subsequent changes in the law even if the change alters the terms of the agreement. Although the parties and the trial court may not unilaterally alter the terms of a plea agreement, subsequent statutory enactments or amendments may effectively alter its terms. (*Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Doe*).) In California, the general rule is that plea agreements will be " ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' " (*Ibid.*) "That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Ibid.*)

While parties may agree that a plea's consequences will remain fixed notwithstanding future changes in the law, prosecutorial and judicial silence on the issue should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to an amended law. (*Doe, supra*, 57 Cal.4th at p. 71; *id.* at p. 73 ["the rule in California is that a plea agreement's reference to a statutory consequence attending a conviction, even when coupled with prosecutorial and judicial silence on the possibility the Legislature might amend the statute, does not give rise to an implied promise that the defendant, by pleading guilty or nolo contendere, will be unaffected by a change in the law"].) Thus, the fact that a change in the law may disadvantage one party or the other to a plea agreement generally does not afford the disadvantaged party the right to revoke it. (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 991-993 (*Harris*).) A limited exception

1

to this latter rule applies where a subsequent change in the law completely eviscerates a plea bargain by rendering a defendant no longer vulnerable to any punishment. (See *People v. Collins* (1978) 21 Cal.3d 208, 214-215.) That exception does not apply here as defendant is still subject to substantial punishment even after the two prison priors are stricken.

The majority does not apply this general rule, instead giving the People the option to withdraw from the plea based on *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*). *Stamps* is readily distinguished from the case before us, and cannot justify departure from the rule that application of a change in the law does not allow a party to withdraw from a plea agreement.

While it is true that the Supreme Court in *Stamps* held that the prosecution must be given the opportunity to withdraw from a plea bargain if a defendant requests, and the trial court was inclined, to exercise newly granted discretion to strike a prior serious felony enhancement under Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393), the court did so based on well-settled law that limits the court's *unilateral authority* to strike an enhancement yet maintain other provisions of a plea bargain. (*Stamps, supra*, 9 Cal.5th at pp. 700-701, 704-708.) The court reasoned that when enacting Senate Bill 1393, the Legislature did not "intend[] to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term [of a plea agreement] by striking portions of it under [Penal Code] section 1385." (*Stamps,* at p. 701.) As the court explained, "the remedy [the] defendant seeks, to allow the court to strike the serious felony enhancement but otherwise retain the plea bargain, would frustrate the Legislature's intent to have [Penal Code] section 1385 apply uniformly, regardless of the type of enhancement at issue, by granting the court a power it would otherwise lack for any other enhancement." (*Id.* at p. 704.) While the Supreme Court agreed that the defendant should be given the opportunity to request that the trial court exercise its newly granted discretion to strike the prior serious felony enhancement, it concluded the People

should be allowed to withdraw from the plea bargain if the trial court indicated its inclination to exercise its discretion to strike the enhancement. (*Id.* at p. 707.)

Senate Bill 136, by contrast, confers no such discretion on trial courts. Instead, in enacting Senate Bill 136, the Legislature declared that those who served a prior prison term for offenses other than certain sexually violent offenses should no longer be subject to the prior prison term enhancement under Penal Code[1] section 667.5, subdivision (b). Unlike in *Stamps*, where a trial court might choose to exercise discretion to unilaterally change the terms of the plea bargain contrary to section 1192.5,[2] the trial court here would not unilaterally change the terms of the plea bargain—it would exercise no discretion at all. Defendant's plea agreement, which is deemed to incorporate changes in the law such as Senate Bill 136 (*Doe, supra*, 57 Cal.4th at p. 73), simply would be conformed to apply the new law by striking the now inapplicable enhancements (see *Harris, supra*, 1 Cal.5th at pp. 990-991 [requiring parties to comply with changes in the law made retroactive to them does not violate the terms of a plea agreement]).

Although *Stamps* distinguished *Harris*, the manner in which *Harris* was distinguished does not support the result reached by the majority here. *Stamps* summarized *Harris*'s treatment of Proposition 47 and its resentencing provision, section 1170.18, as follows: "The electorate thus evinced an intent that these offenses be treated as misdemeanors no matter how or when a defendant suffered the conviction. As *Harris* reasoned, to allow the prosecution, in response to a successful resentencing petition, to withdraw from a plea agreement and reinstate dismissed charges would frustrate electoral

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Section 1192.5 allows a plea to "specify the punishment," and further provides in relevant part: "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea."

3

intent to treat these offenses uniformly as misdemeanors, essentially denying meaningful relief to those convicted through plea bargains.  [Citation.]"  (*Stamps, supra*, 9 Cal.5th at p. 704.)

Stamps distinguished *Harris* through section 1192.5.  "Similar considerations do not apply here.  Nothing in the language and legislative history of Senate Bill 1393 suggests an intent to modify section 1192.5's mandate that 'the court may not proceed as to the plea other than as specified in the plea' without the consent of the parties.  As discussed, Senate Bill 1393's amendment of section 1385 now allows a trial court to strike a serious felony enhancement just as it may do with any other enhancement.  Unlike in *Harris*, the remedy defendant seeks, to allow the court to strike the serious felony enhancement but otherwise retain the plea bargain, would frustrate the Legislature's intent to have section 1385 apply uniformly, regardless of the type of enhancement at issue, by granting the court a power it would otherwise lack for any other enhancement.  That Senate Bill 1393 is silent regarding pleas and provides no express mechanism for relief undercuts any suggestion that the Legislature intended to create special rules for plea cases involving serious felony enhancements."  (*Stamps, supra*, 9 Cal.5th at p. 704.)

Section 1192.5 provides an essential context to understanding and applying *Stamps*.  Rather than creating a new exception to the rule that a party disadvantaged by a change in the law cannot unilaterally withdraw from a plea agreement, *Stamps* simply applied, through section 1192.5, well-established rules addressing the trial court's exercise of its discretion to alter the terms of the plea agreement.  Although the Legislature, through Senate Bill 1393, gave trial courts new authority to alter a plea agreement by striking a serious felony enhancement, this legislation did not alter the terms of any plea agreement.  Only a trial court, through the exercise of its discretion to strike the serious felony enhancement, may alter the terms of the plea agreement pursuant to Senate Bill 1393.  *Stamps* did no more than come to the unsurprising conclusion that

4

section 1192.5 applied where a trial court chose to reject the plea and strike the serious felony enhancement.

Since this case involves a legislative rather than a judicial alteration of a plea agreement, the general rule applies and the People should not be allowed to withdraw from the plea.

_____
BLEASE, Acting P.J.